UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

MARY WRIGHT,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation, d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL;
RCL (UK) LTD., a subsidiary of ROYAL
CARIBBEAN CRUISES, LTD.;
RCL CRUISES LTD;
ROYAL CARIBBEAN CRUZEIROS
(BRASIL) LTDA.,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff Mary Wright by and through her undersigned counsel hereby sues the Defendants, and says:

### THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendants.

3. **The passenger ticket contract for this cruise line,** *i.e.* **the terms and conditions as stated on the cruise line's website at [http://media.royalcaribbean.com/content/en_US/pdf/RoyalCaribbean_Cruise_Ticket_Contract_013114.pdf](http://media.royalcaribbean.com/content/en_US/pdf/RoyalCaribbean_Cruise_Ticket_Contract_013114.pdf), is void and unenforceable because it does not identify specifically the entities for the carrier for this voyage.  Under the definition of "carrier" the ticket provides merely "(i) the Vessel, or any substituted ship, (ii) the Vessel's Operator (iii) and with respect to the Land Tour portion of any CruiseTour, the operator of that Land Tour ('LTO') together with the owners, managers, charters, affiliates, successors and assigns of the entities identified in subsections (i), (ii), and (iii) of this sentence".  In paragraph 18 of the passenger ticket contract, the operator is not specifically indentified, the paragraph only provides for potential operators depending on "sailing".  There is no definition of "sailing".  If "sailing" means voyage, there is no way to determine from the document the operator for this voyage.**

4. The Plaintiff Mary Wright is sui juris and is a resident of DuPage County in Glendale Heights, Illinois.

5. The Defendant, ROYAL CARIBBEAN CRUISES, LTD., is a Liberian Corporation d/b/a Royal Caribbean Cruise Line and/or Royal Caribbean International authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade

County, Florida. At all times material hereto, this defendant owned and/or operated the cruise ship on which the subject injury occurred.

6. The Defendant, RCL (UK) LTD., a subsidiary of ROYAL CARIBBEAN CRUISES, LTD., is listed a possible operator of the subject voyage on the passenger ticket contract and is a company registered in the United Kingdom. This defendant is owned and operated by ROYAL CARIBBEAN CRUISES, LTD.. At all times material hereto, this defendant owned and/or operated the cruise ship on which the subject injury occurred.

7. The Defendant, RCL CRUISES LTD., is listed a possible operator of the subject voyage on the passenger ticket contract and is a company registered in the United Kingdom. This defendant is owned and operated by ROYAL CARIBBEAN CRUISES, LTD.. At all times material hereto, this defendant owned and/or operated the cruise ship on which the subject injury occurred.

8. The Defendant, ROYAL CARIBBEAN CRUZEIROS (BRASIL) LTDA. is listed a possible operator of the subject voyage on the passenger ticket contract and is a company registered in Brazil. This defendant is owned and operated by ROYAL CARIBBEAN CRUISES, LTD.. At all times material hereto, this defendant owned and/or operated the cruise ship on which the subject injury occurred.

9. The Defendants referenced above shall hereinafter be referred to collectively as RCCL, DEFENDANTS, or the Cruise Line.

10. RCCL at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

11. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

12. **DATE OF THE INCIDENT.**  This incident occurred on March 11, 2014.

13. **LOCATION OF THE INCIDENT.**  This incident occurred aboard RCCL's *Liberty of the Seas* on the stairway located in the skating rink.

14. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on RCCL's vessel.

15. **DESCRIPTION OF THE INCIDENT.**  RCCL operates in excess of twenty (20) cruise ships.

16. Onboard those cruise ships RCCL has stairways and railings. RCCL knows that railings on staircases are crucial to allow passengers to ascend and descend the stairways safely and without falling.

17. RCCL also knows that the railings on the stairs should be in good order and repaired and maintained constantly because they are so important to the safety and security of the passengers onboard.

18. Further, RCCL participates in and has control over the design and construction of the ship and interior finishes on the ship including the railings attached to the staircase which caused this accident. RCCL in the pre-construction phase through personnel directly participates

1401 BRICKELL AVE., SUITE 510, MIAMI, FL 33131 HICKEY LAW FIRM, P.A. TEL 305.371.8000 · FAX 305.371.3542

4

in the design process of the interior areas and finishes and is shown and given access to plans of the interior areas and finishes, including where this accident occurred. RCCL participates in the design process itself and has the right to inspect and the right to reject aspects of the pre-construction designs.

19. However, RCCL failed to reject the design of the railings that caused this injury, failed to inspect the railings that caused this injury, failed to maintain the railings that caused this injury in a reasonably safe condition, and ultimately, failed to repair within a reasonable period of time the railings attached to the stairs in the rink onboard this ship.  As a result, one such railing came loose from its stanchions and became wobbly such that the top of the rail had a play or ability to move back and forth to the extent that it was unsafe.  The rail not only was wobbly, insecure, and broken but also looked like it was safe and secure and not broken.  When the Plaintiff put her hand on the rail to steady herself as she walked down the stairs, the rail gave way and caused the Plaintiff to lean forward unexpectedly and therefore to lose her balance and fall.

20. The subject rail became loose, wobbly, insecure, and broken gradually over an extended period of time such that the Defendants knew or should have known about the condition long before this incident.

21. The cause of this accident, a wobbly, insecure, broken railing, and the negligent maintenance of the wobbly, insecure, broken railing, is not one that would in the ordinary course of events, have occurred without the negligence on the part of the one in exclusive control of the wobbly, insecure, broken railing, that is, the Defendants cruise line.

22. The Plaintiff, the passenger herein, fell forward and tumbled down the stairway. Due to RCCL's negligence the Plaintiff suffered five (5) fractured ribs, pneumothorax (collapsed lung), a knee injury and therefore, serious debilitating and permanent injuries.

## COUNT 1

## NEGLIGENCE

23. The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 22, above.

24. **DUTIES OWED BY THE DEFENDANTS.** The Defendants owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendants also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendants' "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *See Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

25. RCCL breached those duties and was negligent by:

   a. Failing to provide a safe hand railing to descend the stairway and/or steps from the top level to the bottom level of the skating rink;

   b. Failing to warn about the unsteady and/or loose and/or wobbly hand railing;

   c. Failing to provide a stairway and/or steps configured with a proper and safe hand railing;

   d. Failing to provide a warning sign indicating that the hand railing is unsteady and/or loose and/or wobbly;

   e. Designing, choosing, failing to alter, and failing to reject in the design and construction process and afterwards a hand railing configuration which is dangerous;

f.  Providing a hand railing which is otherwise dangerous for people to use to descend down the stairway and/or steps from the top level to the bottom level of the skating rink;

g.  Failing to properly and reasonably monitor the hand railings in an area where RCCL knows is an area of high foot traffic;

h.  Allowing the hand railing to become unstable and/or loose and/or wobbly in an area where RCCL knows is an area of heavy foot traffic;

i.  Failing to inspect on a regular basis the hand railing which caused Plaintiff's injury;

j.  Failing to generate and require reasonable and adequate records of inspection and maintenance of the hand railing which caused Plaintiff's injury;

k.  Failing to properly maintain the hand railing in a reasonable and safe condition;

l.  Failing to repair the unsteady and/or loose and/or wobbly hand railing;

m. Failure to replace the unsteady and/or loose and/or wobbly hand railing;

n.  Failing to ensure that the hand railing was in a reasonably safe and suitable condition;

o.  Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

p.  Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

q.  Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

r.  Providing negligent maintenance to the area or to the premises;

s.  Failing to reasonably and properly train its employees to frequently and consistently inspect hand railings in the skating rink to ensure that they are stable and/or safe;

t.  Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence; and

u.  Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of

proof to RCCL in the proof of negligence or proof of the absence of negligence.

26. RCCL created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

27. RCCL either: (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

28. The negligent condition was created by RCCL and was known to RCCL. The negligent condition existed for a sufficient length of time so that RCCL should have known of it. This negligent condition was a continuous or repetitive problem thus giving notice to RCCL.

29. RCCL had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care RCCL should have known about it.

30. In the alternative, notice to RCCL is not required because RCCL (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

31. RCCL had (and still has) exclusive control over the hand railing that caused the Plaintiff's injury.

32. The Plaintiff used the hand railing in a normal and proper manner when the injury occurred.

33. But for RCCL's negligence the Plaintiff would not have been injured.

34. As a result of RCCL's negligence, the Plaintiff has suffered permanent economic and non-economic damages including bodily injury, pain, suffering, physical impairment, physical disability, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff Mary Wright, demands judgment against the Defendants; Royal Caribbean Cruises Ltd., a Liberian Corporation, d/b/a Royal Caribbean Cruise Line and/or Royal Caribbean International; RCL (UK) Ltd., a Subsidiary of Royal Caribbean Cruises; RCL Cruises Ltd.; Royal Caribbean Cruzeiros (Brasil) Ltda., for all non-economic damages suffered in the past and in the future as a result of the bodily and personal injuries suffered by the Plaintiff, Mary Wright, including but not limited to bodily injury, pain, suffering, mental anguish, loss of capacity for the enjoyment of life, physical impairment and disability, inconvenience; economic damages suffered in the past and in the future, including but not limited to expense of hospitalization and medical and nursing care and treatment, household expenses, loss of earnings, loss of ability to earn money, which have been incurred or suffered in the past and which will be incurred or suffered

in the future; all court costs, and interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

                HICKEY LAW FIRM, P.A.
                Attorney for Plaintiffs
                1401 Brickell Avenue
                Suite 510
                Miami, Florida 33131-3504
                (305) 371-8000

By:   /s/ John Hickey
        JOHN H. HICKEY (FBN: 305081)
        hickey@hickeylawfirm.com
        BRETT D. SAGER (FBN: 91636)
        bsager@hickeylawfirm.com